# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

### CIVIL NO. 1:02CV217

| | |
|---|---|
| **REBECCA WILLIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| **TOWN OF MARSHALL, NORTH** ) | |
| **CAROLINA, a corporation of the** ) | |
| **State of North Carolina,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the remand from the United States Fourth Circuit Court of Appeals. ***Willis v. Town of Marshall***, 426 F.3d 251 (4th Cir. 2005).

The Fourth Circuit made the following findings:

1. Recreational dancing is not protected by the First Amendment.

2. The right to receive free speech in the form of listening to music is not sufficient to trigger First Amendment scrutiny as to the Town's dancing policy.

3. Because recreational dancing is not expressive conduct protected by the First Amendment, any factual dispute as to the nature of Willis' dancing is not material.

4. As to the Town's policy on lewd dancing, there is no First Amendment issue.

5. Because recreational dancing is not protected First Amendment activity, Willis had no protected right to associate for the purpose of dancing.

6. Because recreational dancing is not protected by the First Amendment, there is no occasion to consider whether the Town's policy is unconstitutionally vague and overly broad.

7. As to a facial challenge under the Equal Protection Clause, because recreational dancing is not constitutionally protected, the Town's decision to prohibit lewd dancing is reviewed under the lenient rational-basis standard and passes muster.

8. The Circuit declined to consider whether Willis' banishment from The Depot infringed on her right to travel and be present in a public forum.

9. The Circuit also declined to consider Willis' procedural due process claim.

10. Willis did state a claim pursuant to *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000), to the effect that she was singled out for treatment without taking any action against her dance partner.

11. Therefore, granting summary judgment was premature and the Court should have allowed discovery to proceed on this issue.

12. Likewise, the Court should have addressed this Equal Protection claim in ruling on Willis' motion for a preliminary injunction.

As a result of the remand, the Court finds further proceedings and a schedule therefor are warranted.

**IT IS, THEREFORE, ORDERED** as follows:

1. On or before **FEBRUARY 10, 2006,** the Plaintiff shall advise the Court in writing of any intent to move for a preliminary injunction;

2. In the event the Plaintiff deems to file such a motion, it must be filed with a supporting memorandum of law, not exceeding twelve double-spaced pages, on or before **FEBRUARY 21, 2006;** and

4

3. Defendant shall have 14 days after service of the Plaintiff's motion to respond.  Such response shall not exceed twelve double-spaced pages.

4. As to the sole remaining issue in the action, the parties shall confer and submit to the Court on or before **FEBRUARY 15, 2006,** a joint proposed discovery plan which the Court will use to issue a scheduling order herein.  *See* **Local Rule 16.1.**

Signed: February 1, 2006

Lacy H. Thornburg
United States District Judge