# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:02CV217

| | |
|---|---|
| REBECCA WILLIS, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>TOWN OF MARSHALL, NORTH )<br>CAROLINA, a corporation of the )<br>State of North Carolina, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's motion pursuant to Federal Rule of Civil Procedure 37 for sanctions against the Defendant and two individuals, Laura Smith and Everette Boone, who are not parties to this action. Although not clear, it also appears that contempt proceedings are requested.

The Court is compelled to note several matters prior to the response of the Defendant. First, no authority is cited for the proposition that the Court may impose Rule 37 sanctions on individuals who are not parties to the action. Counsel shall either provide such authority or withdraw the motion as to the individuals.

Likewise, at the conclusion of the motion and without any authority, counsel requests "that the Court institute contempt proceedings against the Town, Ms. Smith and Mr. Boone." **Motion, filed December 13, 2006, at 4.** Absent authority, counsel will be required to withdraw the motion.

The motion appears to be based on an admittedly contentious discovery process. Plaintiff claims that the Defendant identified men who simulated sex acts during dances they had with the Plaintiff. When finally deposed, Plaintiff claims every individual now cannot identify any such individual or denies that the simulated sex acts occurred. This is not quite accurate. The Defendant was careful to explain in the answers to interrogatories that it "was the Plaintiff's practice to dance without a partner or dance in close proximity to various individuals who would be in the dancing area of the Marshall Depot. To the extent that Defendant can particularly identify any individuals that 'partnered' with the Plaintiff they would include Emmitt Bullman, Dennis Brown, and the Plaintiff's son (Ben Fisher)." **Exhibit 1, Defendant's Response to the Plaintiff's First Set of Interrogatories and Request for Production of Documents to the Defendant Town of Marshall, North Carolina,** *attached to* **Motion, at 5.** In response to the following interrogatory, "identify all persons with whom

you contend Mrs. Willis engaged in simulated sexual intercourse," the Defendant identified those same three individuals. *Id.* **at 8.** At no point in these answers did the Defendant state that the men engaged in the simulated sex acts; the only such allegation is that the Plaintiff did so.

Likewise, the deposition of Everette Boone is not as compelling as the Plaintiff claims. Mr. Boone testified that the Plaintiff did her dancing "all by herself." **Exhibit 4, Excerpts from the Deposition of Everett Boone,** *attached to* **Motion, at 49.** Mr. Boone's affidavit, previously filed with this Court, contains an allegation that the Plaintiff "and her partner would hunch on the floor, simulating sexual intercourse." *Id.* **at 133.** During his deposition, Mr. Boone frankly admitted that his averment was not technically correct "[b]ecause her partner didn't do it," only the Plaintiff did. *Id.*

Mr. Boone's statement is corroborated by Bonnie Chandler who testified as follows:

Q. When you saw [the Plaintiff] dancing with her son at the Depot, was she dancing in a vulgar fashion?
A. Yes.
Q. When you saw her dancing with her son at the Depot, was her son dancing in a vulgar fashion?
A. No.
Q. When you saw her dancing with her son at the Depot, was she engaging in simulated sex on the dance floor with her partner.

A. Yes.
Q. How was she doing that if her son was not dancing vulgarly?
A. I don't know. She was.

**Exhibit 7, Excerpts from Deposition of Bonnie Chandler, *attached to Motion*, at 60.** In other words, although the Plaintiff was dancing inappropriately, her partners were not.

If the Plaintiff has evidence to the contrary, a supplement to the motion should be filed.

**IT IS, THEREFORE, ORDERED** that the normal response period for the Defendant shall remain in effect; however, on or before December 22, 2006, the Plaintiff shall comply with the rulings herein.

Signed: December 15, 2006

Lacy H. Thornburg
United States District Judge